22370

Polly S. MORGAN, Appellant, v. Vincent K. BLACKWELL and Sandra Broome Blackwell, Defendants, of whom Sandra Broome Blackwell, is Respondent.

(334 S. E. (2d) 817)

Supreme Court

*David M. Hoffman,* Anderson, *for appellant.*

*William N. Epps, Jr.,* Anderson, *for respondent.*

Submitted May 8, 1985.

Decided Sept. 9, 1985.

GREGORY, Justice:

Appellant Polly S. Morgan appeals from a grant of summary judgment in favor of respondent Sandra Broome Blackwell. We reverse and remand.

In June 1981, respondent and her husband contracted with appellant Morgan to cut timber on Morgan's land. At that time, Sandra Broome Blackwell was 17 years old.

Two months after respondent's 18th birthday, appellant commenced this action for breach of contract.

Respondent moved for a summary judgment on the single ground that the contract was void *ab initio.* The trial judge granted respondent's motion, ruling a contract entered into by a minor is void *ab initio.*[1] This ruling was erroneous.

South Carolina precedent clearly holds a contract entered into by a minor merely voidable, rather than void *ab initio.* *Parks v. Lyons,* 219 S. C. 40, 64 S. E. (2d) 123 (1951).

Accordingly, the judgment of the lower court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LITTLEJOHN, C. J., and HARWELL and CHANDLER, JJ., concur.

---

[1]. The trial judge also ruled that respondent had not ratified the contract. The issue of ratification was not before the court because it was not raised in respondent's notice and motion, *See* Circuit Rule 44(a), and, additionally, could not have been included in the notice since it was never raised in respondent's answer.

NESS, J., dissenting in separate opinion.

NESS, Justice, dissenting:

I agree with the majority that the contract was voidable rather than void *ab initio*. However, I disagree that factual issues exist as to respondent's ratification of the contract and on the issue of estoppel.

In her motion for summary judgment, respondent stated by sworn affidavit, "I have never ratified [the] contract." In responding to the motion, appellant did not contradict respondent's denial of ratification. Since respondent's statement disclaiming ratification was unchallenged the trial judge correctly found there was no issue of fact on the issue of ratification.

The majority also finds there is an issue of fact as to whether respondent is estopped from raising the defense of infancy. In her return to the motion appellant did not allege any facts which would raise the issue of estoppel. She alleged only that she believed respondent was an adult when she signed the contract and would not have signed it had she known otherwise.

If factual issues existed as to ratification and estoppel, it was incumbent upon appellant to raise them in her return to the motion. Circuit Court Rule 44(d). In the absence of disputed facts, the trial judge's grant of summary judgment was appropriate.

I would affirm.